# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:15-CV-371-RJC-DCK

| | |
|---|---|
| VITO ANTONIO LAERA, | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) **MEMORANDUM AND**<br>) **RECOMMENDATION**<br>) **AND ORDER**<br>) |
| ROBIN S. ROSENBAUM; PATRICK M. HUNT; JONATHAN GOODMAN; JOAN A LENARD; WILLIAM H. PRYOR; and JULIE E. CARNES, | )<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

**THIS MATTER IS BEFORE THE COURT** on *pro se* Plaintiff's "Motion To Correct And Amend Complaint & Response To Defendants Motion To Dismiss Dated 12/28/2015" (Document No. 8). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion, the record, and applicable authority, the undersigned will grant the motion to amend, and recommend that "Defendants' Motion To Dismiss" (Document No. 5) be denied as moot.

## BACKGROUND

*Pro Se* Plaintiff Vito Antonio Laera ("Plaintiff" or "Laera") initiated this action with the filing of a "Complaint" (Document No. 1) on August 14, 2015. The Complaint asserts causes of action for: (1) fraudulent misrepresentation; (2) negligent misrepresentation; (3) deprivation of rights; (4) abuse of judicial discretion; and (5) negligent infliction of emotional distress. (Document No. 1, p.2). Plaintiff filed his first Amended Complaint on October 26, 2015.

(Document No. 3). "Defendants' Motion To Dismiss" (Document No. 5) was filed on December 28, 2015.

On January 14, 2016, Plaintiff filed a request for a two week extension of time to respond to "Defendants' Motion To Dismiss." The undersigned immediately issued an "Order" (Document No. 7) granting the extension until January 29, 2016.

Plaintiff's pending "Motion To Correct And Amend Complaint & Response To Defendants Motion To Dismiss Dated 12/28/2015" (Document No. 8) was timely filed on January 26, 2016.[1] Recognizing Plaintiff's status as a *pro se* litigant, and in the interests of judicial economy and efficient case management, the undersigned will grant Plaintiff's motion to amend without further delay.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 15 applies to the amendment of pleadings and allows a party to amend once as a matter of course within 21 days after serving, or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed.R.Civ.P. 15(a)(1). Rule 15 further provides:

> **(2) Other Amendments.** In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed.R.Civ.P. 15(a)(2).

---

[1] Plaintiff is respectfully advised that motions may not be included with responsive briefs. See Local Rule 7.1(C)(2). Plaintiff is responsible for abiding by the Local Rules of this Court, as well as the Federal Rules of Civil Procedure. Failure to do so may result in sanctions.

Under Rule 15, a "motion to amend should be denied only where it would be prejudicial, there has been bad faith, or the amendment would be futile." Nourison Rug Corporation v. Parvizian, 535 F.3d 295, 298 (4th Cir. 2008) (citing HCMF Corp. v. Allen, 238 F.3d 273, 276-77 (4th Cir. 2001)); see also, Foman v. Davis, 371 U.S. 178, 182 (1962). However, "the grant or denial of an opportunity to amend is within the discretion of the District Court." Pittston Co. v. U.S., 199 F.3d 694, 705 (4th Cir. 1999) (quoting Foman, 371 U.S. at 182).

**DISCUSSION**

It appears that there has been no initial attorney's conference to date, and that no discovery has taken place thus far. Furthermore, the undersigned is not persuaded that there is sufficient evidence of prejudice, bad faith, or futility to outweigh the policy favoring granting leave to amend. Although Plaintiff's request for leave to amend lacks sufficient explanation, the undersigned finds that it will be in the best interest of the parties for the *pro se* Plaintiff to have one more opportunity to "correct cure and amend" the Complaint. After careful consideration of the record and the motions, the undersigned finds that Plaintiff's motion to amend should be granted; however, barring extraordinary circumstances, further amendments to the Complaint are unlikely to be allowed.

Therefore, because the undersigned will order Plaintiff to file a Second Amended Complaint which supersedes the previous Complaint (Document No. 3), the undersigned will respectfully recommend that "Defendants' Motion To Dismiss" (Document No. 5) be denied as moot. This recommendation is without prejudice to Defendants filing a renewed motion to dismiss the Second Amended Complaint, if appropriate.

It is well settled that a timely-filed amended pleading supersedes the original pleading, and that motions directed at superseded pleadings may be denied as moot. Young v. City of Mount

3

Ranier, 238 F. 3d 567, 573 (4th Cir. 2001) ("The general rule ... is that an amended pleading supersedes the original pleading, rendering the original pleading of no effect."); see also, Colin v. Marconi Commerce Systems Employees' Retirement Plan, 335 F.Supp.2d 590, 614 (M.D.N.C. 2004) ("Earlier motions made by Defendants were filed prior to and have been rendered moot by Plaintiffs' filing of the Second Amended Complaint"); Turner v. Kight, 192 F.Supp. 2d 391, 397 (D.Md. 2002) (quoting 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1476 (2d ed. 1990) ("A pleading that has been amended ... supersedes the pleading it modifies .... Once an amended pleading is interposed, the original pleading no longer performs any function in the case."); Brown v. Sikora and Associates, Inc., 311 Fed.Appx. 568, 572 (4th Cir. Apr. 16, 2008); and Atlantic Skanska, Inc. v. City of Charlotte, 3:07-CV-266-FDW, 2007 WL 3224985 at *4 (W.D.N.C. Oct. 30, 2007).

## CONCLUSION

**IT IS, THEREFORE, ORDERED** that *pro se* Plaintiff's "Motion To Correct And Amend Complaint & Response To Defendants Motion To Dismiss Dated 12/28/2015" (Document No. 8) is **GRANTED**. Plaintiff shall file a Second Amended Complaint on or before **March 1, 2016**.

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that "Defendants' Motion To Dismiss" (Document No. 5) be **DENIED AS MOOT**, without prejudice to re-file.

## TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service

of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

The Clerk of Court is direct to take note of *pro se* Plaintiff's "Notice Of Change Of Address" (Document No. 8, p.9) and to update the docket accordingly.

**SO ORDERED AND RECOMMENDED.**

Signed: February 1, 2016

David C. Keesler
United States Magistrate Judge