**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA**

VITO ANTONIO LAERA,                    )
                    Plaintiff,         )
                                       )
          v.                           )          Case No. 3:15-CV-00371-RJC-DCK
                                       )
ROBIN S. ROSENBAUM, PATRICK M.         )
HUNT, JONATHAN GOODMAN, JOAN           )
A. LENARD, WILLIAM H. PRYOR,           )
JULIE E. CARNES, and                   )
STANLEY MARCUS                         )
                                       )
                    Defendants.        )

**FEDERAL DEFENDANTS' MEMORANDUM
IN SUPPORT OF THEIR MOTION TO DISMISS**

Comes now the United States of America, by and through the United States Attorney for

the Western District of North Carolina, and on behalf of Robin S. Rosenbaum, Patrick M. Hunt,

Jonathan Goodman, Joan A. Lenard, William H. Pryor, Julie E. Carnes, and Stanley Marcus

("the Defendants"), and submits this memorandum of law in support of a motion to dismiss

pursuant to Rule 12(b)(1), (2), (4), (5) and (6), Rule 4(m) Federal Rules of Civil Procedure, and

on grounds of absolute immunity.

Undersigned counsel hereby makes a limited and special appearance in this case on the

grounds that the federal Defendants have not yet been properly served with process in this case

as required by Rule 4(i), Federal Rules of Civil Procedure.[1]

---

[1] In this matter, undersigned counsel represents the interests of the United States on behalf of its judicial officers who are sued in their official capacity for judicial acts. *See, e.g., Csoka v. United States*, 94 F.3d 647, 1996 WL 467654, *3 (7th Cir. 1996), *cert. denied*, 519 U.S. 1080 (1997)(suits against federal judges in their official capacities held effectively suits against the United States); *accord, Kentucky v. Graham*, 105 S.Ct. 3099, 3105 (1985)("plaintiff seeking to recover on a damages judgment in an official-capacity suit must look to the government entity itself.").

## I.  Introduction

Plaintiff Vito Antonio Laera initiated this action on August 14, 2015 against the Hon. Robin S. Rosenbaum, United States District Court Judge for the Southern District of Florida. (Doc. 1).  On October 26, 2015, Plaintiff filed an Amended Complaint against Judge Rosenbaum and five other federal judges, including the Hon. Patrick M. Hunt, United States Magistrate Judge for the Southern District of Florida; the Hon. Jonathan Goodman, United States Magistrate Judge for the Southern District of Florida; the Hon. Joan A. Lenard, United States District Court Judge for the Southern District of Florida; the Hon. Julie E. Carnes, United States Circuit Judge for the United  States Court of Appeals for the Eleventh Circuit; and the Hon. William H. Pryor, United States Circuit Judge for the United States Court of Appeals for the Eleventh Circuit. (Doc. 3).  Plaintiff's Complaint alleged, among other things, causes of action for fraudulent misrepresentation, negligent misrepresentation, racketeering, obstruction of justice, spoliation of evidence, deprivation of rights abuse of judicial discretion, harassment and intentional infliction of emotional distress.  (*Id.*)

On December 28, 2015, the Federal Defendants' filed a Motion to Dismiss Plaintiff's Complaint.  (Doc. 5).  On January 14, 2016, Plaintiff filed a Motion for Extension of Time to File a Response to Defendants' Motion to Dismiss.  (Doc. 6).  The Court granted Plaintiff's Motion for Extension of Time to File Response on January 14, 2016.  (Doc. 7).  On January 26, 2016, Plaintiff filed a Motion to Amend his Complaint.  (Doc. 8).  On February 1, 2016, United States Magistrate Judge David Keesler issued a Memorandum and Recommendations on Plaintiff's Motion to Amend.  (Doc. 9).  Judge Keesler recommended that Plaintiff be allowed to Amend his Complaint on or before March 1, 2016 and denied Defendants' Motion to Dismiss (Doc. 5) without prejudice.  (*Id.*)  The Court affirmed Judge Keesler's Memorandum and

Recommendation dismissing the Defendants' Motion to Dismiss (Doc. 5) as moot and allowing Plaintiff to amend his Complaint on March 11, 2016. (Doc. 12).

On February 29, 2016, Plaintiff filed his Second Amended Complaint against the Federal Defendants and included the Hon. Stanley Marcus, United States Circuit Judge for the United States Court of Appeals for the Eleventh Circuit as a Defendant. (Doc. 10). Plaintiff's Second Amended Complaint re-alleges several claims from the original Complaint, including causes of action for deprivation of Plaintiff's civil rights, abuse of judicial discretion, fraudulent misrepresentation, negligent misrepresentation, racketeering, obstruction of justice, harassment and intentional infliction of emotional distress. (Doc. 10 at 8). Plaintiff's Second Amended Complaint also alleges new causes of action to include abuse of process and conversion. (*Id.*)

## A. <u>Summary of the Argument</u>

Plaintiff's Complaint should be dismissed for, among other things, lack of subject matter jurisdiction pursuant to Rule 12(b)(1) due to his failure to effect proper service under Rule 4(m) Federal Rules of Civil Procedure and on grounds of absolute immunity. Plaintiff's Complaint should also be dismissed for failure to state a claim pursuant to Rule 12(b)(6). Regarding his substantive claims, Plaintiff fails to state a claim for conversion pursuant to Florida law. Moreover, Plaintiff has failed to state a plausible claim for relief arising from his claims under the Fifth Amendment due process clause. Plaintiff has failed to state a claim for abuse of judicial discretion and abuse of process where Plaintiff has failed to show a misuse of the judicial process other than for its intended purposes.

Plaintiff has also failed to sufficiently plead a claim for negligent misrepresentation and/or fraud under Florida law or pursuant to Fed. R. Civ. P. 9(b). Plaintiff's claims alleging racketeering must also fail where Plaintiff has pled no predicate acts and has not alleged a proper conspiracy claim. Finally, each of Plaintiff's claims alleging harassment and intentional

infliction of emotional distress must fail where Plaintiff's Complaint has failed to allege a cognizable claim for harassment or the intentional infliction of emotional distress. Even if Plaintiff's Complaint could be construed as stating a claim—and it cannot—none of Plaintiff's allegations can defeat the absolute judicial immunity defense. For these reasons, the Court should grant the Defendants' Motion to Dismiss and dismiss Plaintiff's Complaint in its entirety.

## B. <u>Prior Proceeding</u>

Plaintiff Antonio Laera is President of Vlanco Industries, LLC and G–Tech–I, Inc. companies that manufacture and distribute kitchen fixtures. In August 2012, Plaintiff Laera was sued by Blanco GmbH + Co. KG ("Blanco") for trademark infringement in the Southern District of Florida.[2] The case was brought in the United States District Court for the Southern District of Florida and assigned to district court Judge Kathleen Williams but was later assigned to Judge Robin S. Rosenbaum.[3] On April 3, 2013, the parties jointly filed a Stipulation of Dismissal and request for the court to enter a final judgment.[4] The district court entered a Final Judgment upon Consent (the "Consent Judgment"), over which it retained jurisdiction to ensure the parties' compliance, and closed the case.[5] From the initiation of the case and through the time of the Consent Judgment, Plaintiff Laera was represented by counsel, Francis Lawrence Kubler. Attorney Kubler did not withdraw from his representation of Plaintiff Laera until July 10, 2013.[6]

Around June 14, 2013—shortly after the district court closed the case—Plaintiff Laera was accused by Blanco of violating several provisions of the Consent Judgment.[7] Blanco also alleged that Plaintiff Laera was committing further violations of the Consent Judgment by

---

[2] *See* Blanco GmbH + Co. KG v. Laera, Docket No. 0:12-CV-61580-RSR, United States District Court for the Southern District of Florida.

[3] *Blanco v. Laera*, Docket No. 0:12-CV-61580-RSR at Doc. No. 6.

[4] *Id.* at Doc. No. 75.

[5] *Id.* at Doc. No. 76.

[6] *Id.* at Doc. No. 86.

[7] *Id.* at Doc. No. 79.

prosecuting two lawsuits against Blanco and also requesting that the Trademark Office interfere with Blanco's protected marks.[8]

The district court referred Blanco's motions to United States Magistrate Judge Patrick M. Hunt for review. Judge Hunt found—after protracted motion practice and court appearances—that Blanco made a prima facie showing that Plaintiff Laera violated the Consent Judgment.[9] In accordance with the Consent Judgment's liquidated damages clause, Judge Hunt recommended imposing four fines of $150,000 against Laera.[10] The District Court agreed and adopted the magistrate judge's Report and Recommendations.[11] Accordingly, the court found that Blanco was entitled to $600,000 in liquidated damages, attorneys' fees and costs, and injunctive relief as provided for in the Consent Judgment and ordered the Trademark Office to "dismiss" the three applications filed by an alias or agent of [Plaintiff Laera]."[12]

Following the district court's adoption of Judge Hunt's Report and Recommendations, the parties engaged in further litigation with Blanco alleging that Plaintiff Laera had again committed further violations of the Consent Judgment. Plaintiff Laera also filed additional motions alleging that Blanco had violated its obligations under the Consent Judgment. The district court ruled on both motions on May 21, 2014 and found Plaintiff Laera's actions to be in bad faith and lacking factual or legal support.[13] The Court ordered the Clerk of Court to enter judgment in favor of Blanco against Plaintiff Laera jointly and severally with his companies for $600,000.[14]

---

[8] *Id.*
[9] *Id.* at Doc. No.185
[10] *Id.*
[11] *Id.* at Docs. No. 192 and 195.
[12] *Id.*
[13] *Id.* at Doc. No. 232
[14] *Id.* at Doc. No. 234.

On June 2, 2014, the case was reassigned to United States District Court Judge Joan A. Lenard for all further proceedings.[15] The court then adopted the magistrate judge's May 12, 2014 Report and Recommendations regarding Blanco's tabulation of attorneys' fees and costs it incurred, filed in light of the multiple sanctions awarded to Blanco for Plaintiff Laera's "frivolous, abusive, and offensive conduct.[16] In total, the Court found Plaintiff Laera liable for $227,387 in attorneys' fees and $7,247.31 in costs.[17] Later, upon Blanco's motion, the court directed the Clerk to enter this judgment in its favor, which the Clerk did on June 19, 2014.[18]

Plaintiff Laera filed multiple additional motions including multiple Notices of Appeal and Amended Notices of Appeal of various district court orders.[19] The Court of Appeals for the Eleventh Circuit affirmed the orders of the district court and the judgment in favor of Blanco. *See Blanco GmbH +Co. KG v. Laera*, 620 F. App'x 718, 720-23 (11th Cir.) *cert. denied sub nom. Laera v. Blanco GmbH + Co. KG*, 136 S. Ct. 427 (2015). Plaintiff Laera now brings the instant action against each of the federal judges involved in the prior civil proceeding.

### C. Plaintiff's Second Amended Complaint

Plaintiff's Second Amended Complaint (Doc. 10) alleges, among other things, that Judge Rosenbaum did not have the authority or jurisdiction to enter a consent judgment (*Blanco v. Laera*, Docket No. 0:12-CV-61580-RSR at Doc. No. 67) in the prior proceeding. To this end, most of Plaintiff's claims arise from his contention that the entering of the consent judgment was

---

[15] *Id.* at Doc. No. 242.
[16] *Id.* at Doc. No. 249.
[17] *Id.*
[18] *Id.* at Doc. No. 259.
[19] *See generally* Docket.

a "wrongful act" including his claim for conversion, which alleges that Docket entry 353 in the prior proceeding interfered with Plaintiff's use and possession of his personal property.[20]

Plaintiff's Second Amended Complaint (Doc. 10) also alleges that Plaintiff was deprived of his property rights without notice or an opportunity to be heard in violation of his due process rights. (*See* e.g., Doc. 10 at 9-10). Plaintiff further alleges, in summary and conclusory fashion, that the acts of the Defendants constitute the following violations of law: abuse of judicial discretion, abuse of process, fraudulent and/or negligent misrepresentations, racketeering, harassment, and the intentional infliction of emotional distress against him. (*See* e.g., Doc. 10 at 8).

## II. Argument

### A. Motion to Dismiss Standard of Review

#### 1. Federal Rule of Civil Procedure 12(b)(1) – Lack of Subject Matter Jurisdiction

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) challenges a court's jurisdiction over the subject matter of the suit. *See* Fed. R. Civ. P. 12(b)(1). A Rule 12(b)(1) motion may attack subject matter jurisdiction by asserting that, as a factual matter, the plaintiff cannot meet his burden of establishing a jurisdictional basis for the suit. *See Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). In order to determine whether jurisdiction exists, "[a] trial court may consider evidence by affidavit, depositions or live testimony without converting the proceeding to one for summary judgment." *Id*. (citing *Mims v. Kemp*, 516 F.2d 21 (4th Cir. 1975)).

#### 2. Federal Rule of Civil Procedure 12(b)(6) – Failure To State a Claim

When considering a motion to dismiss pursuant to Rule 12(b)(6), courts must accept as

---

[20] *See Blanco v. Laera*, Docket No. 0:12-CV-61580-RSR at Doc. No. 6. Plaintiff's Complaint lists the cause of action as "converion." (Doc. 10 at 8). As best the Government can tell, Plaintiff intended to state a claim for conversion arising pursuant to North Carolina law.

true all well-pleaded facts and allegations in the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Courts also "must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (citing 5B Wright & Miller § 1357 (3d ed. 2004 & Supp. 2007)); *see also Clatterbuck v. City of Charlottesville*, 708 F.3d 549, 557 (4th Cir.2013) (noting that courts may "consider facts and documents subject to judicial notice without converting a motion to dismiss into one of summary judgment"). Courts may take judicial notice of "a fact that is not subject to reasonable dispute because it can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). "[T]he most frequent use of judicial notice of ascertainable facts is in noticing the content of court records." *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir.1989) (quoting 21 C. Wright & K. Graham, Federal Practice and Procedure: Evidence § 5106 at 505 (1977)); *see also Lolavar v. de Santibanes*, 430 F.3d 221, 224 n.2 (4th Cir.2005) (noting that courts in the Fourth Circuit "take judicial notice of the records of a court of record").

Courts need not accept a plaintiff's legal conclusions. *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Additionally, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679 (citing *Twombly*, 550 U.S. at 556).

### 3. Timing of Resolution

It is particularly appropriate to resolve issues of absolute or qualified immunity upon a motion to dismiss or a motion for summary judgment at the earliest possible stage of a case,

because immunity is a protection from the litigation process, not just a protection from ultimate liability for damages. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991); *Imbler v. Pachtman*, 424 U.S. 409, 419 n. 13 (1976) ("absolute immunity defeats a suit at the outset"). Indeed, "the essence of absolute immunity is its possessor's entitlement not to have to answer for his conduct in a civil damages action." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). Thus, the Supreme Court has "repeatedly . . . stressed the importance of resolving immunity questions at the earliest possible stage in litigation." *Hunter v. Bryant*, 502 U.S. 224, 227 (1991) (per curiam).

As discussed herein, the facts pled in Plaintiff's complaint definitively establish that all the federal Defendants, whose alleged conduct arose from their official participation in Plaintiff's previous civil proceeding, are entitled to absolute judicial immunity. It is therefore fully appropriate to dismiss on immunity grounds before requiring the Defendants to answer. *See e.g., Howland v. U.S. Postal Serv.,* 209 F. Supp.2d 586 (W.D.N.C.) (granting Defendant's Motion to Dismiss for lack of subject matter jurisdiction for failure to exhaust administrative remedies and judicial or arbitral immunity).

**B.  <u>Absolute Judicial Immunity Bars All Constitutional Claims Against Judges Rosenbaum, Hunt, Goodman, Lenard, Pryor, Carnes and Marcus.</u>**

It has long been settled that federal judges are entitled to absolute judicial immunity from suit. *Mireles v. Waco*, 502 U.S. 9, 11 (1991); *King v. Myers*, 973 F.2d 354, 356 (4th Cir. 1992); *Steinpreis v. Shook*, 377 F.2d 282, 283 (4th Cir. 1967), *cert. denied*, 389 U.S. 1057 (1968); *Bear v. Potter*, 89 F. Supp. 2d 687, 692 (WDNC 1999). Issuing orders in a civil case are clearly judicial acts carried out within the official capacity of a judge; consequently, this lawsuit must be dismissed against the federal Defendants on the grounds of judicial immunity.

Under the doctrine of absolute judicial immunity, judges are not liable in civil actions for their judicial acts unless they have acted in the clear absence of all jurisdiction. *Mireles v. Waco*,

502 U.S. 9, 11-12 (1991). Judges will not be deprived of immunity because the action they took was done in error, was done maliciously, or was in excess of the judge's authority. *Id*. Similarly, a judge's immunity is not pierced by allegations that the judge conspired with others to do an unlawful act, as the Plaintiff alleges, so long as the act is within the court's judicial powers. *See Dennis v. Sparks*, 449 U.S. 24 (1983). Further, judges are absolutely immune for their judicial acts even if the court's exercise of authority is flawed by the commission of grave procedural errors. *King v. Meyers*, 973 F.2d 354 (4th Cir. 1992). In short, a judge is entitled to judicial immunity if his or her actions meet a two-part test: first, the acts must be within the court's jurisdiction; and second, the acts must be performed in the judge's judicial capacity. *Id*.

These principles, as applied to the present case, compel the conclusion that Judges Rosenbaum, Hunt, Goodman, Lenard, Pryor, Carnes and Marcus are entitled to the full protection of absolute judicial immunity. Plaintiff alleges—albeit in conclusory fashion—that the Judges infringed upon his rights through their communications on the record or their failure to strike documents from the record. (*See e.g.,* Doc. 3 at 5). Plaintiff also broadly asserts that the federal Defendants filed false documents and conspired to cause him harm. (*See Id*. at 11-12). These allegations do not contain any statements that may be construed as actions taken outside of the federal Defendants' judicial capacities. Moreover, Plaintiff has failed to allege that the federal Defendants acted in the clear absence of their respective jurisdictions, or that they acted in some other capacity than in their judicial capacity during Plaintiff's previous civil proceeding. "The factors which determine whether an act by a judge is a judicial one relate to whether the act is normally performed by a judge and whether the parties dealt with the judge in his judicial capacity." *King*, 973 F.2d 354 at 357 (quoting *Stump v. Sparkman*, 435 U.S. 349, 362, 89 S.Ct. 1099, 1008, 55 L.Ed.2d 331 (1978)).

Plaintiff's Complaint is a challenge to the manner in which the judges interacted with him in their capacity as judges presiding over the previous civil proceeding against him. *See Blanco GmbH + Co. KG v. Laera*, 620 F. App'x 718, 720-23 (11th Cir.) *cert. denied sub nom. Laera v. Blanco GmbH + Co. KG*, 136 S. Ct. 427 (2015). The federal Defendants' conduct is therefore protected by the doctrine of absolute judicial immunity. Under the law, Plaintiff Laera should have addressed any complaints he had about the handling of the cases by Judges Rosenbaum, Hunt, Goodman, Lenard, Pryor, Carnes and Marcus to the Eleventh Circuit Court of Appeals. *See Forrester v. White,* 484 U.S. 219, 227, 108 S.Ct. 538, 544, 98 L.Ed2d 555 (1988) (holding that "most judicial mistakes or wrongs are open to correction through ordinary mechanisms for review, which are largely free of harmful side-effects inevitably associated with exposing judges to personal liability."). Absolute immunity therefore bars Plaintiff's attempt to sue Judges Rosenbaum, Hunt, Goodman, Lenard, Pryor, Carnes, and Marcus for acts carried out as part of their official judicial responsibilities. For this reason, Plaintiff's Complaint should be dismissed.

### C. **Sovereign Immunity**

A lawsuit against a federal judge or other federal officer in an official capacity is a lawsuit against the United States government itself and, absent an express waiver of sovereign immunity, the United States cannot be sued. *United States v. Mitchell*, 445 U.S. 535, 538 (1980); *Griffin v. Thornburg*, No. 1:08CV222, 2008 WL 2512901, at *3 (W.D.N.C. June 19, 2008). The United States has ***not*** expressly waived sovereign immunity in this matter. Accordingly, this lawsuit must be dismissed against the federal Defendants for lack of subject matter jurisdiction.

**D. Plaintiff's Complaint Fails to State a Cognizable Claim for which Relief May Be Granted.**

In addition to a lack of subject-matter jurisdiction, the Plaintiff has failed to state a claim upon which any court could afford the Plaintiff any remedy. As discussed above, the allegations of the Plaintiff's Complaint are limited to judicial acts performed by the named Defendants within his and her judicial capacities as federal judges and in a matter over which each Judge had jurisdiction. Even if Plaintiff's Complaint could be construed in a manner that states a cognizable claim—and it cannot—Plaintiff's allegations cannot defeat the absolute judicial immunity defense.

*1. Conversion*

In order to state a claim for conversion under Florida law, the Plaintiff must show "(1) an act of dominion wrongfully asserted; (2) over another's property; and (3) inconsistent with his ownership therein." *Special Purpose v. Prime One,* 125 F.Supp.2d 1093, 1099–1100 (S.D.Fla.2000) (citing *Warshall v. Price,* 629 So.2d 903, 904 (Fla. 4th DCA 1993)). Plaintiff alleges that "Defendants took [Plaintiff's] personal property" by, among other things, the operation of the Court's January 22, 2015 "Order Adopting Omnibus Report and Recommendation on Contempt Motions and Associated Filings" in the prior proceeding. Through this Order, Plaintiff Laera argues that the Defendants wrongfully exerted control and interference over his personal property resulting in over $6,231,029.77 in damages.

Plaintiff's conversion claim must fail because the Court exerted its proper authority over Plaintiff's property following the adjudication of the rights to the property during the prior proceeding. As the long and protracted history of the prior proceeding sets forth, Plaintiff lost his rightful possessory interests to the subject property during the pendency of the litigation. Even if Plaintiff could show that the Defendants wrongfully exerted control over the property—

and he cannot—nothing in the Court's Orders from the prior proceeding constitutes a claim for conversion under Florida law. Plaintiff has also failed to adequately plead a claim for conversion because he has failed to show that the Defendants ever acquired his property. To this end, Florida law requires that a claim for conversion deprives another of his property permanently or for an indefinite time through an unauthorized act. *See Nat'l Union Fire Ins. Co. of Pennsylvania v. Carib Aviation, Inc.*, 759 F.2d 873, 878 (11th Cir. 1985). Even if a deprivation of Plaintiff's property occurred, Plaintiff has failed to show that the deprivation occurred through an unlawful act or in a wrongful manner. Where "[t]he essence of the tort is not the acquisition of the property; rather, it is the wrongful deprivation." Plaintiff's claim for conversion must fail and should be dismissed. *Id*. at 878.

### 2. *Deprivation of Civil Rights (Fifth Amendment Due Process Claims)*

The Due Process Clause provides that certain substantive rights—life, liberty, and property—cannot be deprived except pursuant to constitutionally adequate procedures. U.S. Const. Amend. V. Plaintiff alleges that the federal Defendants violated his due process rights by, among other things, depriving him of a constitutionally protected property interest and failing to provide Plaintiff an opportunity to be heard. (Doc. 10 at 19). Plaintiff's Complaint fails to identify the deprivation of a protected interest or the lack of a constitutionally adequate process during the course of his civil proceeding. Plaintiff's Second Amended Complaint in summary and conclusory fashion states that Defendants deprived him of his rights and "caused [him] harm. (*Id.*) Plaintiff has provided no specificity as to the actual alleged deprivation of his rights or to the inadequate process that was provided. Based on the claim as stated by Plaintiff, the Second Amended Complaint has failed to state a plausible claim to relief under the due process clause of the Fifth Amendment against the federal Defendants. For this reason, Plaintiff's Deprivation of

Civil Rights Claim should be dismissed.

### 3. Abuse of Judicial Discretion

Plaintiff alleges that Defendants' acts in the prior proceeding constituted an abuse of judicial discretion. Specifically, Plaintiff states that the Defendants did not apply the "correct law" as it relates to the (1) March 27, 2013 filing of Docket Entry No. 74, Order Requiring Stipulation of Dismissal, by Judge Robin S. Rosenbaum; (2) the April 3, 2013 filing of Docket Entry. No. 75, Stipulation of Dismissal, by Scott Dangler counsel for Blanco; and (3) the April 4, 2013 filing of Docket Entry No. 76, Final Judgment upon Consent, by Judge Robin S. Rosenbaum. Despite his assertions, Plaintiff may not bring a private right of action against Defendants for an alleged abuse of discretion. The abuse of discretion standard is a standard of review used by appellate courts to review the decisions of lower courts. *See Wilton v. Seven Falls Co.*, 515 U.S. 277, 115 S. Ct. 2137, 132 L.Ed.2d 214 (1995) A judgment will be termed an abuse of discretion only where the adjudicator has failed to exercise sound, reasonable, and legal decision-making skills. *Id*. Plaintiff Laera's objections to Defendants' conduct from the prior proceeding should have been directed to the Eleventh Circuit Court of Appeals. *See Forrester*, 484 U.S. 227, 108 S.Ct. 538. Instead, Plaintiff has improperly raised these claims in his Second Amended Complaint and has therefore failed to plead facts giving rise to a finding that the Defendants abused their judicial discretion. Additionally, because absolute immunity bars Plaintiff's attempt to sue Judges Rosenbaum, Hunt, Goodman, Lenard, Pryor, Carnes, and Marcus for acts carried out as part of their official judicial responsibilities, Plaintiff has failed to state a claim for abuse of judicial discretion and his claim should be dismissed.

### 4. *Abuse of Process*

Under Florida law, an abuse of process involves the use of criminal or civil legal process against another primarily to accomplish a purpose for which it was not designed. *See Whitney Info. Network, Inc. v. Gagnon*, 353 F. Supp. 2d 1208, 1212 (M.D. Fla. 2005)(citing *Cline v. Flagler Sales Corp.,* 207 So.2d 709, 711 (Fla. 3d DCA 1968). "A cause of action for abuse of process requires both allegations of a willful and intentional misuse of process for some wrongful or unlawful object, or collateral purpose, and that the act or acts constituting the misuse occur after the process is issued." *Miami Herald Pub. Co., Div. Of Knight-Ridder v. Ferre,* 636 F.Supp. 970, 974-975 (S.D.Fla.1985) (interpreting Florida law regarding abuse of process); *see also Marty v. Gresh,* 501 So.2d 87, 89 (Fla. 1st DCA 1987) (finding that the abuse of process is concerned with the improper use of process after it issues).

Plaintiff alleges that the Defendants violated his rights for the "ulterior motive of bias and/or favoritism and/or some other reason that is not permissible by law…" (Doc. 10 at 13). Plaintiff's claim for abuse of process should be dismissed where Plaintiff has failed to plead facts that show the improper use of the judicial process and has also failed to show that the use of the process was for a purpose for which it was not designed. *See Blanck v. City of Altamonte Springs*, No. 6:11-CV-293-ORL-28, 2011 WL 3516071, at *3 (M.D. Fla. Aug. 11, 2011) aff'd sub nom. *Blanck v. Altamonte Springs Police Dep't*, 530 F. App'x 931 (11th Cir. 2013). Plaintiff has failed to plead any allegations of an incidental or concurrent motive of spite or ulterior purpose by the Plaintiff from the prior proceeding. Plaintiff's claim for abuse of process against Defendants must fail where Plaintiff failed to plea facts that would support a finding of illegal, improper, or unauthorized use of process by Defendants, and has instead simply labeled

Defendants' actions as such. For these reasons, Plaintiff's claims for abuse of process should be dismissed.

### 5. Fraudulent Misrepresentation and/or Negligent Misrepresentation

Plaintiff alleges that, among other things, Defendant Judge Rosenbaum made a false representation that Plaintiff consented to the Consent Judgment in the prior proceeding. (Doc. 10 at 14). According to Plaintiff's Second Amended Complaint, Plaintiff relied on the false representation and was induced to act on the representation. (*Id*.) To state a claim for negligent misrepresentation in Florida, a plaintiff must allege: (1) a misrepresentation of a material fact; (2) that the defendant made the representation without knowledge as to its truth or falsity, or under circumstances in which he ought to have known of its falsity; (3) that the defendant intended that the misrepresentation induce another to act on it; (4) injury must result to the party acting in justifiable reliance on the misrepresentation. *Souran v.Travelers Ins. Co.*, 982 F.2d 1497, 1503 (11th Cir.1993). Because negligent misrepresentation sounds in fraud, "Rule 9(b)' s heightened pleading standard applies." *Lamm v. State St. Bank & Trust*, 749 F.3d 938, 951 (11th Cir.2014) (citing *Souran*, 982 F.2d at 1511 (holding negligent misrepresentation sounds in fraud under Florida law)).

"In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed.R.Civ.P. 9(b). A plaintiff's complaint must "offer more than mere conjecture," *U.S. ex rel. Clausen v. Laboratory Corp. of America, Inc.*, 290 F.3d 1301, 1313 (11th Cir.2002), and Rule 9 "requires that a complaint plead facts giving rise to an inference of fraud," *W. Coast Roofing & Waterproofing, Inc. v. Johns Manville, Inc.*, 287 Fed.App'x. 81, 86 (11th Cir.2008). Generally, Rule 9(b) is satisfied when "the complaint sets forth (1) precisely what statements were made in what documents or oral representations or what

omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud." *Clausen,* 290 F.3d at 1310 (quoting *Ziemba v. Cascade Int'l, Inc.,* 256 F.3d 1194, 1202 (11th Cir.2001)).

Plaintiff's Second Amended Complaint references only a single allegation of misrepresentation—the alleged entry of the Consent Judgment by Defendant Judge Rosenbaum absent Plaintiff's consent. (Doc. 10 at 14). Plaintiff's claim must fail where Plaintiff has failed to plead any facts showing the misrepresentation, actual reliance on the alleged misrepresentation or any injury caused by the misrepresentation. Moreover, the alleged claim for misrepresentation fails to satisfy the heightened pleading standard of Rule 9(b). Here, Plaintiff offers no factual details to support his contention that the Consent Judgment was entered absent his consent.[21] For this reason, Plaintiff has failed to state a claim for negligent misrepresentation and, accordingly, has failed to state a claim for fraud, therefore his claim for negligent and/or fraudulent misrepresentation should be dismissed.

### 6. *Racketeering Activity as "Defined by the RICO Act"*

Plaintiff also alleges that the federal Defendants' acts in the prior proceeding constituted a "racketeering activity" as defined by the RICO Act. (Doc. 3 at 11, ¶ k). While primarily a criminal statute, one provision of RICO offers a private right of action, providing that "[a]ny person injured in his business or property by reason of a violation of section 1962 of this chapter [18 U.S.C. § 1962] may sue therefor in any appropriate court and shall recover threefold the damages he sustains and the cost of the suit." 18 U.S.C. § 1964(c). "[A] plaintiff may sue under

---

[21] As previously stated, Plaintiff was represented by counsel at the time of the entry of the Consent Judgment prior proceeding

§ 1964(c) only if the alleged RICO violation was the proximate cause of the plaintiffs' injury." *Anza v. Ideal Steel Supply Corp.,* 547 U.S. 451, 453, 126 S.Ct. 1991, 164 L.Ed.2d 720 (2006).

To advance a civil claim under RICO, a plaintiff must allege "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Lum v. Bank of Am.,* 361 F.3d 217, 223 (3d Cir.2004) (citing *Sedima, S.P.R.L. v. Imrex Co., Inc.,* 473 U.S. 479, 105 S.Ct. 3292, 87 L.Ed.2d 346 (1985)). A "pattern of racketeering activity" also requires "at least two acts" of conduct indictable under various enumerated federal criminal statutes. *Id.*; 18 U.S.C. § 1961(1), (5).

Here, Plaintiff's claim must fail where Plaintiff has pled no predicate acts and none of the allegations against Defendants fall within the violations of criminal acts as identified in 18 U.S.C. § 1961 and, hence, cannot be considered "predicate acts." However, even assuming that plaintiff sufficiently alleged predicate acts by the defendants—and he has not—Plaintiff has failed to allege a pattern of racketeering. To plead a pattern of racketeering activity, plaintiff must allege, not only that each defendant committed at least two acts of prohibited racketeering activity but also, that the predicate acts are related and that they amount to or pose a threat of continued criminal activity. *H.J. Inc. v. Northwestern Bell Tel. Co.,* 492 U.S. 229, 240, 109 S.Ct. 2893, 106 L.Ed.2d 195 (1989).

"A short term scheme threatening no future criminal activity will not suffice [to establish a pattern of racketeering activity]." *Kehr Packages, Inc. v. Fidelcor, Inc.,* 926 F.2d 1406, 1412 (3d Cir.1991). "Where the allegations of the complaint, taken as true, do not support the existence of either long-term criminal conduct or the threat thereof, dismissal is appropriate." *H.J. Inc.,* 492 U.S. at 242, 109 S.Ct. 2893. Even assuming the truth of the allegations against the federal Defendants, as the court must, the Defendants' actions do not pose a threat of future

criminal activity since all activity ended at the termination of Plaintiff's previous civil case. Finally, as to any RICO conspiracy claims (assuming plaintiff raises such a claim), while a §1962(d) conspiracy claim is not dependent upon successfully bringing a substantive claim under §1962(c), any such claim fails because plaintiff cannot establish a pattern of racketeering activity due to lack of continuity. *See e.g., GE Inv. Private Placement Partners II v. Parker,* 247 F.3d 543, 549 (4th Cir.2001); *US Airline Pilots Ass'n v. Awappa, LLC,* 615 F.3d 312, 318 (4th Cir. 2010)("[a] plaintiff cannot demonstrate open-ended continuity if the racketeering activity has a "built-in ending point, and the case does not present the necessary threat of long-term, continued criminal activity.").

### 7. *Harassment and Intentional Infliction of Emotional Distress*

Plaintiff alleges that the federal Defendants' acts are "systematic and continuous and are unwanted and annoying." Plaintiff's claims should be dismissed because the complaint asserts only conclusory allegations that the federal Defendants violated the Plaintiff's rights, without providing any specific factual allegations that would support such claims. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). Even if Plaintiff's Complaint could be construed in a manner that states a cognizable claim for harassment or the intentional infliction of emotional distress—and it cannot—Plaintiff's allegations cannot defeat the absolute judicial immunity defense.

### E. <u>Plaintiff's Complaint Must Be Dismissed for Lack of Personal Service.</u>

Fed. R. Civ. P. 4(i)(1) and (3) provide, in relevant parts, that service upon a U.S. Government employee is accomplished by delivering the summons and complaint to the U.S. Attorney for the district in which the action is brought and sending a copy by certified or registered mail to the Attorney General and the agency or employee(s) named in the suit. The Plaintiff failed to comply with Rule 4(i)(1)(A) or (B). Because of insufficient service of process, the case should be dismissed under Fed. R. Civ. P. 12(b)(5) and for lack of personal jurisdiction

over each of the federal defendants under Fed. R. Civ. P. 12(b)(2).

Pursuant to Fed. R. Civ. P. 4(m), a court may dismiss a lawsuit where service has not been effected within 120 days of filing or it may direct that service be effected within a specified period of time. Fed. R. Civ. P. 4(i)(4) directs that the court must allow a party reasonable time to cure its failure to serve the United States under Rule 4(i)(3) if the party has served the United States officer or employee.

### III. Conclusion

For the aforementioned reasons, none of the allegations against the Defendants state a plausible claim. Therefore, the federal Defendants' Motion to Dismiss should be granted and Plaintiff's case should be dismissed in its entirety.

This <u>14</u><sup>th</sup> day of March, 2016.

JILL WESTMORELAND ROSE
UNITED STATES ATTORNEY

<u>/s Tiffany M. Mallory</u>
Assistant United States Attorney
Ga. Bar. No. 744522
Suite 1650, Carillon Building
227 West Trade Street
Charlotte, North Carolina 28202
Phone: 704-338-6222
Fax: 704-227-0248
<u>tiffany.mallory@usdoj.gov</u>