IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:15-CV-371-RJC-DCK

| | |
|---|---|
| VITO ANTONIO LAERA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| UNITED STATES; ROBIN S. ) | |
| ROSENBAUM; PATRICK M. HUNT; ) | |
| JONATHAN GOODMAN; JOAN A ) | |
| LENARD; STANLEY MARCUS; ) | |
| WILLIAM H. PRYOR JR.; and JULIE E. ) | |
| CARNES, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on Plaintiff's "Motion To Correct And Amend Complaint And Motion To Extend Time For Service" (Document No. 14). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion, the record, and applicable authority, the undersigned will deny the motion.

BACKGROUND

*Pro se* Plaintiff Vito Antonio Laera ("Plaintiff" or "Laera") initiated this action with the filing of a "Complaint" (Document No. 1) against Robin S. Rosenbaum ("Rosenbaum") on August 14, 2015. The Complaint asserts causes of action for: (1) fraudulent misrepresentation; (2) negligent misrepresentation; (3) deprivation of rights; (4) abuse of judicial discretion; and (5) negligent infliction of emotional distress. (Document No. 1, p.2). *Pro se* Plaintiff filed an "Amm[sic]ended Complaint" (Document No. 3) on October 26, 2015, adding Patrick M. Hunt ("Hunt"), Jonathan Goodman ("Goodman"), Joan A. Lenard ("Lenard"), William H. Pryor, Jr.

("Pryor"), and Julie E. Carnes ("Carnes") as additional Defendants. "Defendants' Motion To Dismiss" (Document No. 5) was filed on December 28, 2015.

*Pro se* Plaintiff filed a "Motion To Correct And Amend Complaint & Response To Defendants Motion To Dismiss Dated 12/28/2015" (Document No. 8) on January 26, 2016. The undersigned issued a "Memorandum And Recommendation And Order" (Document No. 9) on February 1, 2016, granting Plaintiff's request to amend the Complaint, and recommending that "Defendants' Motion To Dismiss" (Document No. 5) be denied as moot. The Court advised *pro se* Plaintiff that he "is responsible for abiding by the Local Rules of this Court as well as the Federal Rules of Civil Procedure." (Document No. 9, p.2, n.1), The Court further stated that

> [a]lthough Plaintiff's request for leave to amend lacks sufficient explanation, the undersigned finds that it will be in the best interest of the parties for the *pro se* Plaintiff to have **one more opportunity** to "correct cure and amend" the Complaint . . . however, barring extraordinary circumstances, **further amendments to the Complaint are unlikely to be allowed**."

(Document No. 9, p.3) (emphasis added).

Plaintiff's "Second Amended Complaint Dated 2-29-16" (Document No. 10) was filed on February 29, 2016. The "Second Amended Complaint…, " *inter alia*, adds the United States and Stanley Marcus ("Marcus") as Defendants. (Document No. 10). All the individual Defendants are federal judges. (Document No. 10, pp.3-5).

"Defendants' Motion To Dismiss" (Document No. 13) was filed on March 14, 2016. On March 28, 2016, three (3) days before his response to the motion to dismiss was due, Plaintiff filed the pending "Motion To Correct And Amend Complaint And Motion To Extend Time For Service" (Document No. 14), seeking forty-five (45) additional days to amend his Complaint for a third time and/or to serve the Complaint. (Document No. 14).

In the interests of judicial economy and efficient case management, the undersigned will rule on the pending motion to amend without further delay.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 15 applies to the amendment of pleadings and allows a party to amend once as a matter of course within 21 days after serving, or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed.R.Civ.P. 15(a)(1). Rule 15 further provides:

> **(2) Other Amendments.** In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed.R.Civ.P. 15(a)(2).

Under Rule 15, a "motion to amend should be denied only where it would be prejudicial, there has been bad faith, or the amendment would be futile." Nourison Rug Corporation v. Parvizian, 535 F.3d 295, 298 (4th Cir. 2008) (citing HCMF Corp. v. Allen, 238 F.3d 273, 276-77 (4th Cir. 2001)); see also, Foman v. Davis, 371 U.S. 178, 182 (1962). However, "the grant or denial of an opportunity to amend is within the discretion of the District Court." Pittston Co. v. U.S., 199 F.3d 694, 705 (4th Cir. 1999) (quoting Foman, 371 U.S. at 182).

## DISCUSSION

It does not appear that Plaintiff has sought Defendants' consent to the instant motion; moreover, Plaintiff has failed to identify any extraordinary circumstances, or to even attempt to explain why further amendment is appropriate. (Document No. 14). Plaintiff gives no indication of what his Third Amended Complaint would include or why justice requires that he be allowed to amend again. Id.

3

In addition, based on "Defendants Motion To Dismiss" (Document No. 13), there appear to be multiple arguments for dismissal in this case which, without any contrary indication from Plaintiff, suggest that further amendment here is futile. In particular, the undersigned again notes that all individual Defendants in this action are federal judges, and that Plaintiff is suing Defendants "in their official capacity for judicial acts." (Document No. 13-1, pp.2-3; Document No. 10, pp.3-6). One of Defendants' strongest arguments is that

> [i]t has long been settled that federal judges are entitled to absolute judicial immunity from suit. . . . . Issuing orders in a civil case are clearly judicial acts carried out within the official capacity of a judge; consequently, this lawsuit must be dismissed against the federal Defendants on the grounds of judicial immunity.

(Document No. 13-1, p.9) (citing Mireles v. Waco, 502 U.S. 9, 11 (1991); King v. Myers, 973 F.2d 354, 356 (4th Cir. 1992); Steinpreis v. Shook, 377 F.2d 282, 283 (4th Cir. 1967), cert. denied, 389 U.S. 1057 (1968); Bear v. Potter, 89 F. Supp. 2d 687, 692 (W.D.N.C. 1999)).

To the extent Plaintiff is seeking additional time for service of process, he has also failed to show good cause for such a request. See (Document No. 14, p.2) (quoting Fed.R.Civ.P. 4(m)). The undersigned again notes that Plaintiff initiated this action on **August 14, 2015**. (Document No. 1). Even recognizing Plaintiff's status as a *pro se* litigant, Plaintiff has had ample opportunity to file a Complaint and serve it on Defendants. The undersigned is not persuaded that additional time or leniency is appropriate.

In accordance with Roseboro v. Garrison 582 F.2d 309 (4th Cir. 1975), the Court advises Plaintiff, who is proceeding *pro se*, that he has a right to respond to "Defendants' Motion To Dismiss" (Document No. 13). The Court further advises Plaintiff that failure to respond may result in Defendants being granted the relief they seek, that is, the dismissal of the Complaint.

## CONCLUSION

**IT IS, THEREFORE, ORDERED** that Plaintiff's "Motion To Correct And Amend Complaint And Motion To Extend Time For Service" (Document No. 14) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff shall file a response to "Defendants' Motion To Dismiss" (Document No. 13) on or before **April 29, 2016**. Failure to file a timely and persuasive response will likely lead to the dismissal of this lawsuit.

**SO ORDERED**.

Signed: March 29, 2016

David C. Keesler
United States Magistrate Judge