IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:15-CV-371-RJC-DCK

| | |
|---|---|
| VITO ANTONIO LAERA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **MEMORANDUM AND** |
| | ) **RECOMMENDATION** |
| | ) |
| ROBIN S. ROSENBAUM; PATRICK M. HUNT; JONATHAN GOODMAN; JOAN A LENARD; WILLIAM H. PRYOR; JULIE E. CARNES; STANLEY MARCUS; and the UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendants. | ) |

**THIS MATTER IS BEFORE THE COURT** on "Defendants' Motion To Dismiss" filed March 14, 2016 (Document No. 13). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion, the record, and applicable authority, the undersigned will recommend the motion be <u>granted</u>.

**BACKGROUND**

*Pro Se* Plaintiff Vito Antonio Laera ("Plaintiff" or "Laera") initiated this action with the filing of a "Complaint" (Document No. 1) on August 14, 2015. Plaintiff filed his first Amended Complaint on October 26, 2015. (Document No. 3). He then filed his "Second Amended Complaint…" (Document No. 10) on February 29, 2016. The Amended Complaint asserts causes of action against Robin S. Rosenbaum, Patrick M. Hunt, Jonathan Goodman, Joan A. Lenard,

William H. Pryor, Julie E. Carnes, Stanley Marcus, and the United States of America ("Defendants") for: (1) conversion; (2) deprivation of civil rights; (3) abuse of judicial discretion; (4) abuse of process; (5) fraudulent, negligent, and/or false misrepresentation; (6) racketeering and obstruction of justice; and (7) harassment and intentional infliction of emotional distress. (Document No. 10, pp. 8-16). All the individual Defendants are federal judges being sued in their official capacity for judicial acts. (Document No. 10, pp. 3-6). The Court denied Plaintiff's third motion to amend (Document No. 15) on March 30, 2016.

Defendants filed their "…Motion To Dismiss" (Document No. 13) on March 14, 2016. Plaintiff filed a "Response To Defendants Motion To Dismiss Dated 03/14/2016" (Document No. 16) on April 29, 2016. The "Federal Defendants' Reply…" (Document No. 17) was filed on May 9, 2016. A memorandum and recommendation to the Honorable Robert J. Conrad, Jr. is now appropriate.

## STANDARD OF REVIEW

The plaintiff has the burden of proving that subject matter jurisdiction exists. See Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). The existence of subject matter jurisdiction is a threshold issue the court must address before considering the merits of the case. Jones v. Am. Postal Workers Union, 192 F.3d 417, 422 (4th Cir. 1999). When a defendant challenges subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1), "the district court is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, 945 F.2d at 768. The district court should grant the Rule 12(b)(1) motion to dismiss "only if the material jurisdictional facts are not in dispute and the moving party is

entitled to prevail as a matter of law." Id. See also, Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999).

A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) tests the "legal sufficiency of the complaint" but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992); Eastern Shore Markets, Inc. v. J.D. Assoc. Ltd. Partnership, 213 F.3d 175, 180 (4th Cir. 2000). A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 697 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also, Robinson v. American Honda Motor Co., Inc., 551 F.3d 218, 222 (4th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

The Supreme Court has also opined that

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.

Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (quoting Twombly, 550 U.S. at 555-56).

"Although for the purposes of this motion to dismiss we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). The court "should view the complaint

3

in the light most favorable to the plaintiff." Mylan Labs, Inc. v. Matkar, 7 F.3d 1130, 1134 (4th Cir. 1993).

**DISCUSSION**

Plaintiff brings this lawsuit to challenge the outcome of a previous court case ruled on by Defendants at various points. (Document No. 10, pp. 3-6). Specifically, Plaintiff alleges "wrongful judgments" against him and his personal property, and that defendants have refused to return his property and reverse the "wrongful judgments," specifically a Consent Judgment Plaintiff claims he did not consent to, as well as further orders imposed for violating the terms of the Consent Judgment. (Documents No. 10, p. 7); see also Blanco GmbH + Co. KG v. Laera, Docket No. 0:12-CV-61580-RSR (S.D. Fla.) (Doc. No. 76). Plaintiff also claims misconduct by the judges of the United States Court of Appeals for the Eleventh Circuit for not granting his appeal. Blanco GmbH +Co. KG v. Laera, 620 F. App'x 718, 720-23 (11th Cir.) cert. denied sub nom. Laera v. Blanco GmbH + Co. KG, 136 S. Ct. 427 (2015).

Defendants move to dismiss on several grounds, including absolute judicial immunity and sovereign immunity. (Document No. 13-1, pp. 9-11). Defendants argue that federal judges are entitled to absolute judicial immunity from suit. (Document No. 13-1, p. 9) (citing Mireles v. Waco, 502 U.S. 9, 11 (1991); King v. Myers, 973 F.2d 354, 356 (4th Cir. 1992); Steinpreis v. Shook, 377 F.2d 282, 283 (4th Cir. 1967), cert. denied, 389 U.S. 1057 (1968); Bear v. Potter, 89 F. Supp. 2d 687, 692 (W.D.N.C. 1999)). Defendants further contend that, where there is not clear absence of all jurisdiction, and where the acts of a judge are within their judicial capacity, they are entitled to such judicial immunity, regardless of the circumstances. Id. at 9-10 (citing Mireles, 502 U.S. at 11-12 (holding judges are only liable for civil actions where they have acted in the clear absence of all jurisdiction); Dennis v. Sparks, 449, U.S. 24 (1983) (finding a judge's immunity is

not pierced by allegations of conspiracy to commit an unlawful act, so long as the act is within the court's judicial powers); King, 973 F.2d at 356-57 (finding judges are absolutely immune for their judicial acts even if the court's exercise of authority is flawed by the commission of grave procedural errors)).

Defendants contend that Plaintiff's complaint is a challenge to the manner in which the judges interacted with him as judges presiding over a civil proceeding. (Document No. 13-1, p. 11) (citing Blanco GmbH +Co. KG v. Laera, 620 F. App'x 718, 720-23 (11th Cir.) cert. denied sub nom. Laera v. Blanco GmbH + Co. KG, 136 S. Ct. 427 (2015)). Defendants note that Plaintiff asserts that they filed false documents and conspired to cause him harm. Id. at 10 (citing Document No. 3, p. 11-12). Defendants assert these allegations cannot be said to be outside their judicial capacities. Id. Defendants also argue that Plaintiff's recourse should have been through the appellate process. Id. at 11 (citing Forrester v. White, 484 U.S. 219, 227 (1988) ("[M]ost judicial mistakes or wrongs are open to correction through ordinary mechanisms for review, which are largely free of harmful side-effects inevitably associated with exposing judges to personal liability.")).

In addition to absolute judicial immunity, the United States argues that

> [a] lawsuit against a federal judge or other federal officer in an official capacity is a lawsuit against the United States government itself and, absent an express waiver of sovereign immunity, the United States cannot be sued. The United States has not expressly waived sovereign immunity in this matter. Accordingly, this lawsuit must be dismissed against the federal Defendants for lack of subject matter jurisdiction.

(Document No. 13-1, p. 11) (citing United States v. Mitchell, 445 U.S. 535, 538 (1980); Griffin v. Thornburg, No. 1:08CV222, 2008 WL 2512901, at *3 (W.D.N.C. June 19, 2008)).

In response, Plaintiff contends that Defendants do not have absolute immunity because they violated his civil rights and "did not have proper jurisdiction over the parties." (Document No. 16, p. 8). Specifically, Plaintiff contends that the court did not have jurisdiction to enter and enforce the Consent Judgment, or over the subject matter of the case generally. Id. Finally, Plaintiff offers various primary and secondary sources from different jurisdictions across the United States in support of his position. Id. at 8-9. Plaintiff claims that there is a clear absence of all jurisdiction. Id. at 8.

The undersigned is persuaded by Defendants' arguments. The undersigned previously expressed concern that Plaintiff's case would be defective because all individual Defendants in this action are federal judges, and that Plaintiff appeared to be suing Defendants in their official capacity for judicial acts. (Document No. 15, p. 4) (citing Document No. 13-1, pp.2-3; Document No. 10, pp.3-6) (internal quotations omitted). A closer inspection of Plaintiff's Second Amended Complaint reveals this to be the case. (Document No. 10).

Essentially, Plaintiff takes issue with the Consent Judgment entered by Judge Rosenbaum, subsequent enforcement of the judgment, and denial of Plaintiff's appeal. See, e.g., (Document No. 10, pp. 11-15). Whether or not Plaintiff actually consented to the Consent Judgment, whether or not there was a conspiracy among the judges, and whether or not there were *ex parte* communications between Defendants and parties in the case, are all immaterial. See Dennis, 449 U.S. at 24. Entering a judgment is a judicial act made by Defendants in their respective judicial capacities. King, 973 F.2d at 357 ("The factors which determine whether an act by a judge is a judicial one relate to whether the act is normally performed by a judge and whether the parties dealt with the judge in his judicial capacity."). Furthermore, Plaintiff provides nothing more than conclusory assertions that there is "a clear absence of all jurisdiction." (Document No. 16, p. 8).

The undersigned additionally notes that Plaintiff had an opportunity to challenge the judgments against him by appeal to the Eleventh Circuit. <u>Blanco GmbH +Co. KG v. Laera</u>, 620 F. App'x 718, 720-23 (11th Cir.) <u>cert. denied sub nom.</u> <u>Laera v. Blanco GmbH + Co. KG</u>, 136 S. Ct. 427 (2015). To the extent that Plaintiff wanted to seek relief from judgments entered against him by Defendants, his recourse would have been through the appellate process.

Finally, the undersigned finds that the United States has a valid claim of sovereign immunity, as it has not waived sovereign immunity for lawsuits brought against it arising out of actions taken by federal judges acting in their official capacities. <u>See</u> <u>United States v. Mitchell</u>, 445 U.S. 535, 538 (1980); <u>Griffin v. Thornburg</u>, No. 1:08CV222, 2008 WL 2512901, at *3 (W.D.N.C. June 19, 2008).

The undersigned is persuaded that Defendants' assertions of immunity bear sufficient merit that no other grounds for dismissal need be considered. Based on the findings above, the undersigned will recommend that Plaintiff's Second Amended Complaint be dismissed for lack of subject matter jurisdiction.

## CONCLUSION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that "Defendants' Motion To Dismiss" (Document No. 13) be **GRANTED**.

## TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and

Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

The Clerk of Court is directed to send a copy of this "Memorandum And Recommendation" to the *pro se* Plaintiff by certified U.S. mail, return receipt requested.

Signed: July 6, 2016

David C. Keesler
United States Magistrate Judge

8