UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:15-cv-371-RJC-DCK

| | |
|---|---|
| VITO ANTONIO LAERA, | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) **ORDER** |
| ROBIN S. ROSENBAUM, PATRICK M. HUNT, JONATHAN GOODMAN, JOAN A. LENARD, WILLIAM H. PRYOR, JR.; JULIE E. CARNES; STANLEY MARCUS; and the UNITED STATES OF AMERICA, | ) |
| Defendants. | ) |

**THIS MATTER** comes before the Court on Defendants' Motion to Dismiss, (Doc. No. 13); the Magistrate Judge's Memorandum and Recommendation ("M&R") regarding Defendants' Motion to Dismiss, (Doc. No. 20), recommending that this Court grant Defendants' Motion to Dismiss; Plaintiff's Motion for Declaratory Judgment, (Doc. No. 18); and all the related memoranda in support of and in opposition to the pending motions.[1] Within the time period for doing so, Plaintiff also filed an objection to the M&R, (Doc. No. 21), and Defendants filed a reply to that objection, (Doc. No. 22). The Motion to Dismiss and Motion for Declaratory Judgment are ripe for adjudication.

**I.    BACKGROUND**

On August 14, 2015, *pro se* Plaintiff Vito Antonio Laera ("Plaintiff" or "Laera") filed the complaint in the instant matter alleging that, among other things, U.S. Circuit Court Judge for the

---

[1] *Pro se* Plaintiff Laera filed a timely response in opposition to the Motion to Dismiss, (Doc. No. 16), and also received a *Roseboro* Notice regarding Defendants' Motion to Dismiss. (Doc. No. 15 at 4).

Eleventh Circuit, The Honorable Robin S. Rosenbaum ("Judge Rosenbaum"),[2] violated "substantive and procedural law" and "the Code of Judicial Conduct." (Doc. Nos. 1 at 3; 10 at 2). Plaintiff also filed a complaint against Judge Rosenbaum with the Judicial Council of the Eleventh Circuit. (*Id.*). Since the initial complaint in this matter, Plaintiff has filed two amended complaints, adding as defendants six additional federal judges (collectively "Defendant Judges") and the United States. (Doc. Nos. 3 and 10).

In short, Plaintiff alleges a judicial conspiracy in which Defendant Judges "did not apply the law as it is written and were not fair and were not in compliance with our constitution and violated the law and violated [Plaintiff's] civil rights." (Doc. No. 10 at 6). Specifically, Plaintiff alleges that Judge Rosenbaum entered a final consent judgment, Blanco GmbH + Co. KG v. Vlanco Industries, LLC, et al., No. 0:12-CV-61580-RSR (S.D. Fla. filed Aug. 14, 2012), ECF No. 76, adverse to Plaintiff based upon a Stipulation of Dismissal, Id. at ECF No. 75, to which Plaintiff asserts he did not stipulate.[3] (Doc. No. 10 at 6). Further, the other Defendant Judges allegedly, "in an act of brotherhood," enforced and concurred with Judge Rosenbaum's decision and articulated post facto reasoning to justify upholding the decision. (Id.). Specifically, Plaintiff pled the following causes of action: (1) conversion; (2) deprivation of civil rights; (3) abuse of judicial discretion; (4) abuse of process; (5) fraudulent, negligent, and/or false misrepresentation; (6)

---

[2]    Judge Rosenbaum served as U.S. District Court Judge for the Southern District of Florida from 2012–2014, and it is during that time that the alleged misconduct occurred.

[3]    Attorneys Scott W. Dangler and Diana Waterous Centorino signed the Stipulation of Dismissal, which was submitted on April 3, 2013. Blanco, No. 0:12-CV-61580-RSR, ECF No. 75. Mr. Dangler and his firm were listed as "Attorneys for Plaintiff" and Ms. Centorino and her firm were listed as "Attorneys for Defendants." Id. Ms. Centorino had entered a Notice of Appearance on behalf of Mr. Laera and as co-counsel to the other defendants on January 14, 2013. Id. at ECF No. 58. Over four months after the Stipulation of Dismissal was signed and the Final Judgment on Consent was entered, Ms. Centorino and Francis Lawrence Kluber, who was also an attorney for the defendants—at least the two defendant companies—filed a joint motion to withdraw as counsel for all defendants on July 10, 2013 and that order was granted on August 8, 2013. Id. at ECF Nos. 86 and 117. Much is made about whether Laera was represented during Blanco, No. 0:12-CV-61580-RSR, and whether he stipulated to the Stipulation of Dismissal, but ultimately neither of those facts impacts the judicial and sovereign immunity analysis propounded below.

racketeering and obstruction of justice; and (7) harassment and intentional infliction of emotional distress.  (Id. at 8–16).  As a result of these alleged violations, Plaintiff asserts that Defendants' acts caused him damages exceeding $6 million.  (Id. at 7).

Defendants filed a motion to dismiss on March 14, 2016 arguing that the Court lacks subject matter jurisdiction, the complaint fails to state a claim for which relief may be granted, and Defendants are shielded from liability under judicial and sovereign immunity. (Doc. No. 13).  Two weeks later, Plaintiff moved the Court to allow him to file a third amended complaint, (Doc. No. 14), but that motion was denied and Plaintiff was directed to respond to the Defendants' Motion to Dismiss.  (Doc. No. 15).  Plaintiff filed a timely response in opposition to Defendants' Motion to Dismiss, (Doc. No. 16), and Defendants filed a timely reply in support of the motion.  (Doc. No. 17).  Three days later, during the pendency of the motion to dismiss, Plaintiff filed a Motion for Declaratory Judgment seeking a judgment from the Court declaring that Plaintiff: (1) did not consent to the consent judgment at issue, Blanco, No. 0:12-CV-61580-RSR (S.D. Fla.), ECF No. 76; (2) was and is a pro se defendant in Blanco; (3) was not represented by counsel in Blanco; and (4) Defendant Judge Rosenbaum abused her discretion and initiated ex parte communications. (Doc. No. 18).  Defendants filed a response in opposition to Plaintiff's Motion for Declaratory Judgment, (Doc. No. 19), and Plaintiff did not file a timely reply.

Additionally, Magistrate Judge Keesler issued an M&R regarding Defendants' Motion to Dismiss, recommending that the Court grant the motion. (Doc. No. 20).  In the M&R, Magistrate Judge Keesler concluded that Defendant Judges were shielded from liability under judicial immunity and Defendant United States was protected by sovereign immunity. (Doc. No. 20 at 6–7).  Plaintiff filed a timely objection, (Doc. No. 21), and Defendants filed a timely reply to that

objection, (Doc. No. 22). After a de novo review of the record as detailed below, the Court will adopt Judge Keesler's M&R and grant Defendants' Motion to Dismiss.

**II.    STANDARD OF REVIEW**

A district court may assign dispositive pretrial matters, including motions to dismiss, to a magistrate judge for "proposed findings of fact and recommendations." 28 U.S.C. § 636(b)(1)(A) & (B). The Federal Magistrate Act provides that a district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). However, "when objections to strictly legal issues are raised and no factual issues are challenged, de novo review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). De novo review is also not required "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Id. Similarly, when no objection is filed, "a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72, advisory committee note).

    a. <u>Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(1)</u>

A motion to dismiss under Rule 12(b)(1) seeks to dismiss a complaint for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). The existence of subject matter jurisdiction is a threshold issue the court must address before considering the merits of the case. Jones v. Am. Postal Workers Union, 192 F.3d 417, 422 (4th Cir.1999). "The subject matter jurisdiction of federal courts is limited and the federal courts may exercise only that jurisdiction which Congress has prescribed." Chris v. Tenet, 221 F.3d 648, 655 (4th Cir. 2000) (citing Kokkonen v.

Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994)).  Subject matter jurisdiction is so limited that federal "[c]ourts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it."  Hertz Corp. v. Friend, 559 U.S. 77, 94 (2010) (internal citations omitted).  "No party can waive the defect, or consent to [subject matter] jurisdiction.  No court can ignore the defect; rather a court, noticing the defect, must raise the matter on its own."  Wisconsin Dep't of Corr. v. Schacht, 524 U.S. 381, 389 (1998) (internal citations omitted).

      b. <u>Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(6)</u>

  The standard of review for a motion to dismiss under 12(b)(6) for failure to state a claim is well known.  Fed. R. Civ. P. 12(b)(6).  It tests the "legal sufficiency of the complaint" but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."  Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992).  A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains enough facts "to state a claim to relief that is plausible on its face."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  Facial plausibility means allegations that allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  Id.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id.

  Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Twombly, 550 U.S. at 545 (quoting Copperweld Corp. v. Independence Tube Corp., 467 U.S. 752, 775 (1984)).  Additionally, when ruling on a

defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (quoting Twombly, 550 U.S. at 555–56). Nonetheless, a court is not bound to accept as true legal conclusions couched as factual allegations. Papasan v. Allain, 478 U.S. 265, 286 (1986). Courts cannot weigh the facts or assess the evidence at this stage, but a complaint entirely devoid of any facts supporting a given claim cannot proceed. Potomac Conference Corp. of Seventh-Day Adventists v. Takoma Academy Alumni Ass'n, Inc., 2 F. Supp. 3d 758, 767–68 (D. Md. 2014). Furthermore, the court "should view the complaint in the light most favorable to the plaintiff." Mylan Labs, Inc. v. Matkar, 7 F.3d 1130, 1134 (4th Cir. 1993).

### III. DISCUSSION

In Plaintiff's filings, Plaintiff repeatedly reminds the Court that he is a *pro se* litigant and his allegations are subject to "less stringent standards," "must [be] construe[d] . . . more liberally," and "should [be] afford[ed] . . . leeway." See, e.g., (Doc. Nos. 1, 3, 10, and 21). Undoubtedly, Plaintiff is correct. Yet, while courts often construe pleadings filed by *pro se* litigants more liberally than those filed by represented parties, the "plaintiff must still allege facts sufficient to state all of the elements of the claim . . . conclusory statements with insufficient factual support . . . will simply not suffice." Pharr v. DesignLine USA, LLC, No. 3:11-CV-162-DSC, 2012 WL 995341, at *4 (W.D.N.C. March 22, 2012) (quoting Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761,765). In other words, to say that less stringent standards apply to *pro se* pleadings is not to say that no standards apply, and in this case Plaintiff falls well short of even the more lenient standards afforded to *pro se* litigants.

a. <u>Subject Matter Jurisdiction</u>

Defendants offer multiple grounds to dismiss Plaintiff's charges against them, the first of which is an alleged lack of subject matter jurisdiction. Plaintiff pleads that the Court has both diversity jurisdiction and federal question jurisdiction over his claims. (Doc. No. 10 at 1). The Court agrees. The familiar provisions of 28 U.S.C. § 1332 require that each plaintiff be a citizen of a different state than each defendant and the amount in controversy exceeds $75,000. According to the different iterations of Plaintiff's Complaint, he is residing in either Charlotte, NC or Havana, Cuba. (Doc. Nos. 1 at 1; 3 at 2; 10 at 2). Defendants, on the other hand, each are citizens of either Florida or Georgia, at least according to the allegations in the complaint. (Doc. No. 10 at 3–5). Regardless of whether Plaintiff resides in North Carolina or Cuba, diversity of citizenship exists. Plaintiff also pleads an amount in controversy greater than $75,000. Indeed, he seeks relief of over $6 million. (<u>Id.</u> at 7). Without commenting on the merit of that request, it is clear beyond dispute that the amount in controversy exceeds $75,000. For example, one of the orders being contested by Plaintiff required him to pay over $750,000 in damages and attorneys' fees. (<u>Id.</u> at 22).

Plaintiff also claims that the Court has federal question jurisdiction due to his deprivation of due process rights under 42 U.S.C. § 1983. (<u>Id.</u> at 1). 28 U.S.C. § 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Taking into account Plaintiff's *pro se* status, he adequately alleges a claim for a due process violation under the Constitution for the purpose of establishing subject matter jurisdiction. (<u>Id.</u> at 9–11).

But the determination of subject matter jurisdiction does not end there. Defendants raise the defense of sovereign immunity, which itself is a jurisdictional issue. <u>See</u> <u>Medina v. United</u>

States, 259 F.3d 220, 223–24 (4th Cir.2001); Coakley v. Welch, 877 F.2d 304, 305 (4th Cir. 1989) (stating that sovereign immunity is "a limit on the jurisdiction of the federal courts") (internal citations omitted).  Under the doctrine of sovereign immunity, "the United States, as sovereign, is immune from suit save as it consents to be sued."  United States v. Sherwood, 312 U.S. 584, 586 (1941).  Here, the United States has not waived sovereign immunity, nor has the United States generally waived sovereign immunity for lawsuits brought against it arising out of actions taken by federal judges acting in their official capacities.  See United States v. Mitchell, 445 U.S. 535, 538 (1980); Griffin v. Thornburg, No. 108-cv-222, 2008 WL 2512901, at *3 (W.D.N.C. June 19, 2008) (dismissing suit against federal district court judge and United States on the basis of sovereign immunity).  Accordingly, Plaintiff's claims against the United States and the Defendant Judges in their official capacities as federal judges must be dismissed for a lack of subject matter jurisdiction.

      b.  Judicial Immunity

Defendants correctly argue that Defendant Judges are entitled to the protection of absolute judicial immunity.  It is well-established that judges are entitled to absolute judicial immunity.  Judicial immunity protects judges not just from damages being assessed against them, but from suit itself.  Mitchell v. Forsyth, 472 U.S. 511, 526 (1985).  Indeed, the Supreme Court has repeatedly "stressed the importance of resolving immunity questions at the earliest possible stage in litigation," making it especially apt for resolution on a motion to dismiss or motion for summary judgment.  Hunter v. Bryant, 502, U.S. 224, 227 (1991) (per curiam); see Mireles v. Waco, 502 U.S. 9, 11 (1991); Imbler v. Pachtam, 424 U.S. 409, 419 n.13 (1976) ("[A]bsolute immunity defeats a suit at the outset.").

"[J]udicial immunity is not overcome by allegations of bad faith or malice." Mireles, 502 U.S. at 11. Judicial immunity can only be overcome in two situations: (1) non-judicial actions; and (2) the absence of all jurisdiction. Id. at 11–12. Applying the lenient pleading standards afforded to *pro se* litigants, Plaintiff to some degree asserts both of these situations, but both allegations are conclusory and unsupported by the facts, even assuming facts in the light most favorable to Plaintiff.

An act by a judge is judicial when it is "normally performed by a judge and . . . the parties dealt with the judge in his judicial capacity." King v. Myers, 973 F.2d 354, 357 (4th Cir. 1992). Clearly, each of the Defendant Judges here was acting in his or her judicial capacity in entering judgments, enforcing judgments, deciding appeals, and other normal judicial functions. Indeed, Plaintiff presents no facts indicating anything to the contrary—he merely asserts that Defendant Judges' actions were non-judicial.[4]

Additionally, Plaintiff baldly claims that Defendants "did not have proper jurisdiction over the parties" because they did not have jurisdiction to enter and enforce the consent judgment at issue or over the case generally. (Doc. No. 16 at 8). But Defendant Judges clearly did not act in the absence of all jurisdiction. Even when there are allegations of judicial conspiracy or the commission of grave procedural errors, judicial immunity is not defeated unless the act was outside the court's judicial powers. See Dennis v. Sparks, 449 U.S. 24 (1983) (dismissing complaint against state court judge alleged to be involved in a bribery conspiracy to secure a favorable ruling); King, 973 F.2d at 356–57. The question is "whether at the time [the

---

[4] Although Plaintiff pleads the following in his Second Amended Complaint: "Because the Defendants are federal judges they are being sued in their official capacity for judicial acts," (Doc. No. 10 at 6), Plaintiff contends in his objections that he is suing Defendant Judges in their official and personal capacities. For the purposes of this matter, the distinction does not matter. Defendant Judges are entitled to both judicial and sovereign immunity. Judicial immunity shields them from suit in their personal capacity while sovereign immunity prevents suit against them in their official capacity. See Kentucky v. Graham, 473 U.S. 159, 166–67 (1985).

judge] took the challenged action he had jurisdiction over the subject matter before him." Stump v. Sparkman, 435 U.S. 349, 356 (1978). Such jurisdiction "must be construed broadly." Id. Simply put, actions such as granting a consent motion and affirming a lower court's decision on appeal are not outside the court's judicial powers—they are squarely within those powers. Furthermore, other than the Plaintiff's empty claims that Defendant Judges lacked jurisdiction, there are no specific allegations suggesting a lack of subject matter jurisdiction in any of the underlying cases. Even if there was a conspiracy amongst the Defendant Judges or there were ex parte communications, it is clear that each of the Defendant Judges performed judicial acts and did not undertake those acts in the clear absence of all jurisdiction.

As noted in Defendants' memoranda and the Magistrate Judge's M&R, the appropriate forum for allegations of impropriety at the trial court level are at the appellate court level. See Forrester v. White, 484 U.S. 219, 227 (1988) ("[M]ost judicial mistakes or wrongs are open to correction through ordinary mechanisms for review, which are largely free of harmful side-effect inevitably associated with exposing judges to personal liability."). Indeed, Plaintiff raised such concerns with the Eleventh Circuit, which determined that the claims were meritless:

> [Plaintiff] makes various conclusory allegations that several judges involved in [the prior proceeding] violated his due process rights as well as the Code of Judicial Conduct. Aside from baldly asserting those violations, however, he has "fail[ed] to elaborate or provide any citation of authority in support of [his] allegation[s]." Flanigan's Enters., Inc. v. Fulton County, 242 F.3d 976, 987 n.16 (11th Cir. 2001).

Blanco GmbH Co. KG v. Vlanco Indus., LLC, et al., 2016 WL 424656, at *1–2 (11th Cir. Feb. 4, 2016). This Court agrees with the Eleventh Circuit—and not in an act of "judicial brotherhood" as Plaintiff may be inclined to believe. Simply put, Plaintiff's claims are not plausible on their face and taken in the light most favorable to him. Defendant Judges are

shielded by judicial immunity from suit for their official actions as judges and Defendant Judges and the United States are likewise protected by sovereign immunity.

      c. <u>Plaintiff's Motion for Declaratory Judgment</u>

Having decided that the case should be dismissed, Plaintiff's Motion for Declaratory Judgment will be dismissed as moot. Nevertheless, it bears commenting that the specific request for declaratory relief is an odd one, asking the Court to declare, among other things, that Plaintiff did not consent to the consent judgment at issue; Plaintiff is and was pro se in <u>Blanco GmbH + Co. KG v. Laera</u>, No. 0:12-CV-61580-RSR (S.D. Fla. filed Aug. 14, 2012); Plaintiff is and was not represented by counsel in the same matter; and Defendant Judge Rosenbaum abused her discretion and initiated ex parte communications. As Defendants note, Plaintiff's Motion for Declaratory Judgment is "simply duplicative" of the claims made in Plaintiff's Complaint. (Doc. No. 19 at 6). Even absent the motion to dismiss, the Court would not be willing to enter a declaratory judgment on contested facts such as these, nor would a declaratory judgment of these facts remedy the flaws with Plaintiff's complaint. Namely, Defendants still would be immune to suit under judicial and sovereign immunity.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. The Magistrate Judge's M&R, (Doc. No. 20), is **ADOPTED**;
2. Defendants' Motion To Dismiss, (Doc. No. 13), is **GRANTED**;
3. Plaintiff's Motion for Declaratory Judgment, (Doc. No. 18), is **DISMISSED as moot**; and
4. The Clerk of the Court is directed to close this case.

Signed: November 15, 2016

Robert J. Conrad, Jr.
United States District Judge